b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA, Plaintiff — CIVIL DOCKET NO. 1:23-CR-00226

VERSUS — JUDGE DRELL

REGINALD DEWAYNE PRICE, Defendants — MAGISTRATE JUDGE PEREZ-MONTES

# MEMORANDUM ORDER

Before the Court is a Motion for Return of Property (ECF No. 62) filed by *pro se* Defendant Reginald Dewayne Price ("Price"). The Government opposes. ECF No. 65.

Because additional evidence is necessary to determine the merits of Price's Motion, IT IS ORDERED that the Government has twenty-one days to submit evidence supporting its assertion that it did not possess Price's property. IT IS FURTHER ORDERED that Price may respond to the Government's evidence within twenty-one days of its filing.

## I. Background

On August 23, 2023, FedEx "intercepted a suspicious package" and contacted an officer with the Rapides Area Drug Enforcement ("RADE") Division. ECF No. 1-1 at 2. A FedEx manager reported that an individual was "attempting to get" the "suspicious package." *Id.* The officer attempted to detain the individual, but the

individual resisted and fled. *Id.* at 3. The officer examined the intercepted package and observed "multiple plastic vacuum sealed bags of suspected crystal methamphetamine." *Id.*

The individual was subsequently identified as Price. *Id.* at 3–4. RADE agents searched Price's residence and seized three baggies containing suspected methamphetamine and a Ruger AR-556 Legend 350. *Id.* at 4. Agents questioned Price's mother, who said Price told her "to get the brown bag from the house." *Id.* Agents had discovered that bag during their initial contact with Price's mother and "discovered it to contain [Price's] ID, $1,400, and several credit cards." *Id.* Price ultimately turned himself in at the Rapides Parish Courthouse. *Id.* at 5.

On September 13, 2023, a grand jury indicted Price for attempted possession with intent to distribute controlled substances ("Count One"). ECF No. 11. The indictment also contained forfeiture allegations related to "any proceeds obtained, directly or indirectly, as a result" of Count One and "any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" Count One. *Id.* The Government ultimately did not initiate any forfeiture proceedings. On March 22, 2024, Price pleaded guilty to Count One. ECF Nos. 35 & 37. On June 28, 2024, he was sentenced to 135 months' imprisonment and five years' supervised release. ECF No. 46.

On June 30, 2026, Price filed the Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g). ECF No. 62. He seeks the return or lawful disposition of the following personal property: two cellular telephones; one MCM bag

with attached wallet, which includes his identification cards, credit cards, $1,400, books and papers, and an obituary of his deceased grandmother; and one AR-type firearm/rifle chambered in a .350 Legend. *Id.* at 1. The Government responds that the listed items "were never transferred into federal custody." ECF No. 65 at 3–4.

## II. Law and Analysis

Federal Rule of Criminal Procedure 41(g) provides that a "person aggrieved by . . . the deprivation of property may move for the property's return." "When criminal proceedings have concluded, courts treat a motion for the return of property as a civil suit invoking the courts' general equity jurisdiction under 28 U.S.C. § 1331." *United States v. Bacon*, 546 F. App'x 496, 499 (5th Cir. 2013). "A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee." *Henderson v. United States*, 575 U.S. 622, 625–26 (2015).

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). "But when criminal proceedings have ended, that burden shifts to the Government." *Oduu*, 564 F. App'x at 130. "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304 (5th Cir. 1990) (cleaned up). "Hence, [a] criminal defendant is presumed to have the right to return of his property once it

is no longer needed as evidence." *Oduu*, 564 F. App'x at 130 (internal quotation omitted).

Here, Price alleges that the listed property "is in the possession, custody, or control of the United States, one of its investigative agencies, or a law-enforcement agency that seized or retained the property for use in this federal prosecution." ECF No. 62 at 2. The Government responds that the Rapides Parish Sheriff's Office seized the firearm and bag. ECF No. 65 at 4. The Government additionally responds that it "is unaware of any cellular telephones seized by any law enforcement agency." *Id.* The parties thus dispute whether the Government possesses the allegedly seized items. As such, "[a] finding of whether the government actually possesses [the property Price] seeks is [] a necessary predicate to the resolution of his motion." *Bailey*, 508 F.3d at 739.

Because the Government filed this motion after the conclusion of criminal proceedings, it bears the burden. The Government's assertions in this matter have not carried this burden. The Government relies on the affidavit submitted with the Complaint to demonstrate that it does not possess Price's property. But this affidavit does not support the Government's bare assertion that "the items seized from [Price] were never transferred into federal custody." ECF No. 65 at 3–4. That is, the initial seizure by the Rapides Parish Sheriff's Office does not, by itself, prove the Rapides Parish Sheriff's Office maintained custody of Price's property.

Accordingly, the Court finds that the taking of evidence is necessary to determine whether and when the Government possessed Price's property. *See* Fed.

R. Crim. P. 41(g) (providing that the Court "must receive evidence on any factual issue necessary to decide the motion").

## III. Conclusion

Because additional evidence is necessary to determine the merits of Price's Motion, IT IS ORDERED that the Government has twenty-one days to submit evidence supporting its assertion that it did not possess Price's property. IT IS FURTHER ORDERED that Price may respond to the Government's evidence within twenty-one days of its filing.

SIGNED on Thursday, September 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE